MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JESUS NARCISO CABRERA, *individually and on behalf of others similarly situated,*

                    *Plaintiff*,

          -against-

JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS ), JOSEPH FORTI, and ROBERT DEDONATO,

                    *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Jesus Narciso Cabrera ("Plaintiff Narciso " or "Mr. Narciso "), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Joe's Auto Wreckers Inc. (d/b/a Joe's Auto Wreckers), ("Defendant Corporation"), Joseph Forti and Robert Dedonato, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.    Plaintiff Narciso is a current employee of Defendants Joe's Auto Wreckers Inc. (d/b/a Joe's Auto Wreckers), Joseph Forti, and Robert Dedonato.

      2.    Defendants own, operate, or control an automobile salvage company, located at 625-627 S. Columbus Ave Mount Vernon, NY 10550 under the name "Joe's Auto Wreckers".

3.   Upon information and belief, individual Defendants Joseph Forti and Robert Dedonato, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the as a joint or unified enterprise.

4.   Plaintiff Narciso has been employed as a general assistant at the located at 625-627 S. Columbus Ave Mount Vernon, NY 10550.

5.   At all times relevant to this Complaint, Plaintiff Narciso has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he has worked.

6.   Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Narciso appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.   Defendants' conduct has extended beyond Plaintiff Narciso to all other similarly situated employees.

8.   At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Narciso and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.   Plaintiff Narciso now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Narciso seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Narciso's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an automobile salvage company located in this district. Further, Plaintiff Narciso has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Jesus Narciso Cabrera ("Plaintiff Narciso" or "Mr. Narciso") is an adult individual residing in Bronx County, New York.

14. Plaintiff Narciso has been employed by Defendants at Joe's Auto Wreckers from approximately May 2014 until the present date.

15. Plaintiff Narciso consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control an automobile salvage company, located at 625-627 S. Columbus Ave Mount Vernon, NY 10550 under the name "Joe's Auto Wreckers".

17. Upon information and belief, Joe's Auto Wreckers Inc. (d/b/a Joe's Auto Wreckers) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 625-627 S. Columbus Ave Mount Vernon, NY 10550.

18. Defendant Joseph Forti is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Forti is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Forti possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Narciso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Robert Dedonato is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert Dedonato is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Robert Dedonato possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Narciso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20. Defendants operate an automobile salvage company located in the Parkside section of Mount Vernon in New York County.

21. Individual Defendants, Joseph Forti and Robert Dedonato, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Narciso's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Narciso, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Narciso (and all similarly situated employees) and are Plaintiff Narciso's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Narciso and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Joseph Forti and Robert Dedonato operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants have been Plaintiff Narciso's employers within the meaning of the FLSA and New York Labor Law.

28. Defendants have had the power to hire and fire Plaintiff Narciso, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Narciso's services.

29. In each year from 2014 to 2019, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Narciso is a current employee of Defendants who has been employed as a general assistant.

32. Plaintiff Narciso seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jesus Narciso Cabrera*

33. Plaintiff Narciso has been employed by Defendants from approximately May 2014 until the present date.

34. Defendants have employed Plaintiff Narciso as general assistant.

35. Plaintiff Narciso has regularly handled goods in interstate commerce, such as auto parts and other supplies produced outside the State of New York.

36. Plaintiff Narciso's work duties have required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Narciso has regularly worked in excess of 40 hours per week.

38. From approximately May 2014 until on or about June 2018, Plaintiff Narciso worked from approximately 6:00 a.m. until on or about 8:00 p.m., 4 days a week and from approximately 6:00 a.m. until on or about 9:00 p.m., 2 days a week (typically 86 hours per week).

39. From approximately June 2018 until on or about December 2018, Plaintiff Narciso worked from approximately 6:00 a.m. until on or about 8:00 p.m., 5 days a week (typically 70 hours per week).

40. From approximately January 2019 until the present date, Plaintiff Narciso has worked from approximately 7:00 a.m. until on or about 5:00 p.m., 5 days a week (typically 50 hours per week).

41. Throughout his employment, Defendants have paid Plaintiff Narciso his wages in cash.

42. From approximately May 2014 until on or about December 2015, Defendants paid Plaintiff Narciso a fixed salary of $600 per week.

43. From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Narciso a fixed salary of $700 per week.

44. From approximately January 2017 until the present date, Defendants have paid Plaintiff Narciso a fixed salary of $800 per week.

45. Plaintiff Narciso's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

46. For example, Defendants have required Plaintiff Narciso to work an additional 2 to 3 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

47. Prior to 2018, Plaintiff Narciso has not been required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48. Further, the time-tracking machine did not always work properly and thus the hours worked by Plaintiff Narciso, reflected on the machine, was usually inaccurate.

49. Defendants have never provided Plaintiff Narciso an accurate statement of wages, as required by NYLL 195(3).

50. Defendants have never given any notice to Plaintiff Narciso, in English and in Spanish (Plaintiff Narciso's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

51. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Narciso (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

52. Plaintiff Narciso has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

53. Defendants' pay practices have resulted in Plaintiff Narciso not receiving payment for all his hours worked, and have resulted in Plaintiff Narciso's effective rate of pay falling below the required minimum wage rate.

54. Defendants have habitually required Plaintiff Narciso to work additional hours beyond his regular shifts but have not provided him with any additional compensation.

55. Even though Defendants installed a time-tracking system in 2018, the machine seldom ever worked properly.

56. Thus, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants have paid Plaintiff Narciso his wages in cash.

58. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Narciso (and similarly situated individuals) worked, and to avoid paying Plaintiff Narciso properly for his full hours worked.

59. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Narciso and other similarly situated former workers.

61. Defendants have failed to provide Plaintiff Narciso and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants have failed to provide Plaintiff Narciso and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Narciso brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64. At all relevant times, Plaintiff Narciso and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

65. The claims of Plaintiff Narciso stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

66. Plaintiff Narciso repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants have been Plaintiff Narciso's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff Narciso (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

68. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants failed to pay Plaintiff Narciso (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71. Defendants' failure to pay Plaintiff Narciso (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Narciso (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73. Plaintiff Narciso repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Narciso (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Narciso (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Narciso (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77. Plaintiff Narciso repeats and realleges all paragraphs above as though fully set forth herein.

78. At all times relevant to this action, Defendants have been Plaintiff Narciso's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiff Narciso, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Narciso less than the minimum wage.

80. Defendants' failure to pay Plaintiff Narciso the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Narciso has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

82. Plaintiff Narciso repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Narciso overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84. Defendants' failure to pay Plaintiff Narciso overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Narciso has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

86. Plaintiff Narciso repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants have failed to provide Plaintiff Narciso with a written notice, in English and in Spanish (Plaintiff Narciso's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88. Defendants are liable to Plaintiff Narciso in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

89. Plaintiff Narciso repeats and realleges all paragraphs above as though fully set forth herein.

90. With each payment of wages, Defendants have failed to provide Plaintiff Narciso with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91. Defendants are liable to Plaintiff Narciso in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Narciso respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Narciso and the FLSA Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Narciso and the FLSA Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Narciso's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Narciso and the FLSA Class members;

(f)     Awarding Plaintiff Narciso and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Narciso and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Narciso;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Narciso;

(j) Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Narciso's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Narciso ;

(l) Awarding Plaintiff Narciso damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Narciso damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Narciso liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Narciso and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Narciso and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)  All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Narciso demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
January 17, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 9, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Jesus Narciso Cabrera

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   [signature]

Date / Fecha:   9 de Enero 2018

*Certified as a minority-owned business in the State of New York*