# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42ⁿᵈ Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
_____
Michael@faillacelaw.com

October 8, 2020

**BY ECF**
Judge Paul E. Davison
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

                    Re:    Narciso Cabrera et al v. Joe's Auto Wreckers Inc. et al.,
                           7:19-cv-00564-CS

Your Honor:

        We represent Plaintiff in the above-referenced action.  The parties have agreed to
a settlement ("Agreement").  A copy of the Agreement is attached hereto as Exhibit A.  We
respectfully request that the Court to approve the settlement, pursuant to Cheeks v. Freeport
Pancake House, Inc., 796 F.3d 199 [2d Cir. 2015].

        Plaintiff specifically requests that this Court retain jurisdiction for the purposes of
enforcement and that any dismissal with prejudice incorporate specific language that the Court
retains jurisdiction over the settlement for purposes of enforcement of the Settlement Agreement.

        "To retain ancillary jurisdiction to enforce a settlement agreement, 'a district court's order of
dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2)
incorporate the terms of the settlement agreement in the order." Thurston v FlyFit Holdings, LLC,
2020 US Dist LEXIS 98523, at *5 [SDNY June 3, 2020].

## I.  BACKGROUND

        Plaintiff is a former employee of Defendants at Defendants' automobile salvage companies.
Plaintiff worked as a general assistant.  He alleged that from approximately May 2014 until January
25, 2019, he worked for Defendants for fifty (50) to eighty-six (86) hours per week.  He further
alleged that Defendants paid a fixed salary, of $600 to $700 per week, in cash.  He further alleges
that Defendants did not give him with requisite wage notices or statements.

        Accordingly, Plaintiff brought this action to recover unpaid minimum and overtime wages,
liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of
1938, 29 U.S.C. 201 et seq., the New York Minimum Wage Act, N.Y. Lab. Law 650 et seq. and the
New York Miscellaneous Industry Wage Order 12 NYCRR 142 et seq. Plaintiff also seeks damages
pursuant to NYLL 195(1) and (3) for Defendants' failure to provide accurate wage notices and
statements.  (See generally ECF No. 1.)

Defendants dispute the foregoing allegations.  Defendants produced records which purported to show the times and dates that Plaintiff worked.  Defendants also produced records which purported to show the pay that Plaintiff received.  Defendants also identified witnesses who would testify against Plaintiff at trial.  Additionally, Defendants produced evidence of their financial hardship which put at risk the possibility of collecting a larger judgment after trial in this action.

## II.  SETTLEMENT

In order to avoid the legal and factual risks of protected litigation, the parties have agreed to a settlement of the FLSA and New York Labor Law claims for the sum of **Fifty-Five Thousand Dollars and No Cents ($55,000.00)**.  The settlement is the result of arm's-length negotiation between counsels in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.  Furthermore, the settlement was reached during a conference with Judge Paul E. Davison.

In light of the contested factual and legal disputes, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on all of his claims, the extended period of time before a trial may commence in light of the COVID-19, and the risk of inability to collect a judgment.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)).  "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 [SDNY 2012] (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses through further litigation and at trial.  This settlement is the result of arm's-length negotiation in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.  Plaintiff was represented by counsel throughout this lawsuit and made an informed decision to settle the action, without incurring the costs or encumbrance of trial.  There is no possibility of fraud or collusion as the Parties settled after extensive negotiations and during a settlement conference with the Judge Paul E. Davison. Given Defendants' evidence of timesheets and Defendants' financial condition, the settlement presents a fair and timely recovery to Plaintiff.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"

<u>Le v. Sita Information Networking Computing USA, Inc.</u>, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354 (11th Cir. 1982)); <u>see also</u> <u>Kopera v. Home Depot U.S.A., Inc.</u>, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In light of the contested factual and legal disputes, Plaintiff believes the settlement is reasonable and should be approved.

### III. PLAINTIFFS' ATTORNEYS' FEES ARE FAIR AND REASONABLE.

Under the Settlement Agreement herein, **Exhibit A**, Plaintiff JESUS NARCISO CABRERA will receive $36,269.25; and Plaintiff's counsel will receive $18,730.75 ($596.13 costs and $18,134.62 in attorneys' fees).  This represents one third of the recovery in this litigation plus costs).  The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  In exchange for the foregoing sum, Plaintiff releases Defendants from claims related to this litigation—i.e. wage and hour claims under the federal Fair Labor Standards Act and New York state law.

"Courts in this district typically approve fee requests of one-third of the total settlement amount."  <u>Williams v Arqenta Inc.</u>, 2018 US Dist LEXIS 212914, at *6 [SDNY Aug. 10, 2018] (citing <u>Thornhill v. CVS Pharmacy, Inc.</u>, No. 13 Civ. 5507, 2014 U.S. Dist. LEXIS 37007, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases)); <u>see also</u> <u>Himrod v Cygnus Med., LLC</u>, 2020 US Dist LEXIS 502, at *7 [SDNY Jan. 2, 2020] (citing <u>Meza v. 317 Amsterdam Corp.</u>, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)); <u>See also</u> <u>Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants.</u>, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted); <u>See</u> <u>Calle v. Elite Specialty Coatings Plus, Inc.</u>, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"); <u>Alvarez v Sterling Portfolio Inv. L.P.</u>, 2017  US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (one-third attorney fee is typical with no requirement for a lodestar cross check); <u>See also</u> <u>Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants.</u>, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted).

Plaintiffs' attorneys' lodestar amount totals $15,621.88 ($596.13 of costs and $15,025.75 Attorney's fees).  Plaintiffs' attorneys' billing records are annexed as Exhibit B.

We also note that the settlement requires a payment plan of multiple installments.  Our office will need to expend additional time and resources on this case after settlement.  That time includes meeting with Plaintiff, every month; depositing checks and confirming they clear; documenting our receipt of checks from the defense; and ensuring plaintiff signs necessary paperwork to receive checks.  Such time also includes potentially following up with Defendants to

demand timely payment or to enforce the settlement, serving default notices, and making motions for judgment on settlement.

The amount provided by Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

     i.     Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

     ii.     Joshua Androphy was a senior attorney at Michael Faillace & Associates, P.C., and my work is billed at an hourly rate of $400.00. This is his standard rate for matters on which he billed at an hourly rate. He graduated from Columbia University School of Law in 2005, where I was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At my departure my billing rate was $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, I have been responsible for litigating all aspects of individual and collective action employment claims in state and federal court. He was named a Super Lawyers Rising Star in

2014, 2015, 2016, 2017, and 2018.  I have tried 21 wage and hour actions in federal court.  His regular billing rate of $400 per hour is reflected in Exhibit D with the initials "JA."

       iii.      Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $350.00.  Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 actions from intake to verdict.  He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics.  He licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts.  The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels.  See, e.g., Manley, supra, Doc. No. 42, at *33, 37; Najera v 144 Ninth Gotham Pizza, Inc., 2017 US Dist LEXIS 26393, at *4 [SDNY Feb. 24, 2017, No. 12cv3133 (DLC)] (awarding $375 to senior associate Jesse Barton); Calle v NDG Coffee Shop, Inc., 2018 US Dist LEXIS 62979, at *4-5 [SDNY Apr. 12, 2018, No. 16-cv-7702 (RJS)] (Court held that the following rates are reasonable: $450 for Michael Faillace, an attorney with twenty-five years of experience in wage and hour litigation; $375.00 for Colin Mulholland, an attorney with five years of experience in civil litigation, including wage and hour case, and $375.00 for Jesse Barton, an attorney with five years of experience in wage and hour litigation)  Mr. Tucker's billing entries are denoted by "C.K."

       iv.      Finn Dusenbery is a former associate at Michael Faillace & Associates, P.C. He graduated from Brooklyn Law School in 2012.  Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases. Subsequently, Finn worked for a plaintiffs'-side wage and hour class action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C. His work is billed at $350 per hour and indicated by the initials "FD."

       v.      Paralegals at Michael Faillace & Associates, P.C. are billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Cortes v. New Creators, Inc., 2016 U.S. Dist. LEXIS 79757, *19-20 (S.D.N.Y. June 20, 2016); see also Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033, *29 (S.D.N.Y. May 27, 2014).

## CONCLUSION

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the

case dismissed with prejudice.  A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

  We thank the Court for the time and attention devoted to this matter.

           Respectfully submitted,

         By: _____*/s/ Michael Faillace*_____
           Michael Faillace, Esq.