**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JESUS NARCISO CABRERA, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS ), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI,<br><br>Defendants, | Case 7:19-cv-00564-CS<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff JESUS NARCISO CABRERA ("Plaintiff Narciso") on the one hand, JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS ), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI, (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 7:19-cv-00564-CS (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of all claims Plaintiff had against Defendants in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifty-Five Thousand Dollars and No Cents (**$55,000.00**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in two ("2") installments, as follows:

1

| JESUS NARCISO CABRERA | $36,269.25 ($18,134.62 by W2 and $18,134.63 by 1099) |
|---|---|
| Michael Faillace & Associates, P.C. | $18,730.75 ($596.13 costs and $18,134.62 in attorneys' fees) by IRS Form 1099 |

(a) Installment One (1): one post-dated check in the amount of $30,000.00 for immediate deposit no more than twenty-one (21) calendar days after Court approval of the instant settlement and made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff, JESUS NARCISO CABRERA." Of the first installment amount, $19,783.23 shall be apportioned to Plaintiff, JESUS NARCISO CABRERA, and $10,216.77 shall be apportioned to Plaintiff's counsel.

(b) Installment Two (2): one post-dated check in the amount of $25,000.00 for immediate deposit no more than thirty-five (35) calendar days after Court approval of the instant settlement and made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff, JESUS NARCISO CABRERA." Of the second installment amount, $16,486.02 shall be apportioned to Plaintiff, JESUS NARCISO CABRERA, and $8,513.98 shall be apportioned to Plaintiff's counsel.

Concurrently with the execution of this Agreement, Defendants JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS ), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff's counsel within fourteen (14) calendar days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) days of service of notice to be delivered to Defendants by email to Jeffrey Briem, Esq. <jbriem@joneslawllp.com>.

Within fourteen (14) days of this Agreement being approved by the Court, the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.

2. <u>Plaintiff's Responsibility for Taxes.</u> Plaintiff assumes full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendant to Plaintiff or his attorneys pursuant to this Settlement Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or Defendant is liable for any failure by Plaintiff or his attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Settlement Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendant harmless for any such liability.

3. <u>Release and Covenant Not To Sue:</u> For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, Plaintiff

2

fully, finally, irrevocably and forever releases and discharges Defendants, including each of their current and former predecessors, successors, assigns, employees, partners, owners, shareholders, affiliates, attorneys and agents, from any and all claims, causes of action, or complaints, in equity or at law, asserted in the Action, or arising from or related to the Plaintiff alleged employment with Defendants, or arising from or related to the allegations contained in the Action, including any claims for retaliation, whether known at this time or not, and Claimant fully and unconditionally release and forever discharge Defendants, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; ; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement), which Plaintiff have or may have against Company, whether asserted in this action or not.

4.     No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.     Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

6.     Acknowledgments:     Plaintiff acknowledges that: he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7.     Notices:     Notices required under this Agreement shall be in writing, by email, and shall be deemed given upon electronic transmission thereof. Notice hereunder shall be delivered, by email, to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Jeffrey Briem
Law Offices of Gerald Neal Swartz
475 Park Ave. South

New York, NY 10016
(212)-725-7070
Fax: (212)-725-1803
Email: jbriem@jonesmorrisonlaw.com

8.     Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9     Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

10.    Release Notification:   Plaintiff discussed the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledge that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFF**                                       **DATE:**

_____            9/11/2020
JESUS NARCISO CABRERA


**DEFENDANTS**                                      **DATE:**


_____            _____
JOE'S AUTO WRECKERS INC. (D/B/A
JOE'S AUTO WRECKERS)
                                                    **DATE:**


_____            _____
NCR AUTO CORES & SECURITY INC.
(D/B/A NCR AUTO CORES)
                                                    **DATE:**


_____            _____
JOSEPH FORTI

5

11.     Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFF**                                         DATE:

_____            _____
       JESUS NARCISO CABRERA


**DEFENDANTS**                                      DATE:

_____            10/7/20
JOE'S AUTO WRECKERS INC. (D/B/A
   JOE'S AUTO WRECKERS )
                                                                     DATE:

_____            _____
NCR AUTO CORES & SECURITY INC.
   (D/B/A NCR AUTO CORES)
                                                                     DATE:

_____            _____
       JOSEPH FORTI

5

SUPREME COURT OF THE STATE OF NEW YORK
---------------------------------------------------- x
JESUS NARCISO CABRERA,

        Plaintiff,

        -against-

JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI,

        Defendants.
---------------------------------------------------- x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                               ) : ss.:
COUNTY OF _Westchester_  )

_Joseph Forti_, being duly sworn, deposes and says:

1. I am a defendant in this action.

2. I reside at _11 Park Pl #3110_ (street address and apartment) in the County of _Westchester_ (print clearly), New York.

3. I, _Joseph Forti_ (print legal name clearly), am the _President_ (title) of JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS). I am duly authorized to make this affidavit of confession of judgment on behalf of JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS).

4. JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS) maintains its principal place of business at _625 E. Columbus Ave, Mt. Vernon_ (street address) in the County of _Westchester_ in the State of New York.

5. Pursuant to the terms of the Settlement Agreement and Release by and between JESUS NARCISO CABRERA ("Plaintiff") and JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS) in favor of Plaintiff for the sum of One Hundred and Ten Thousand Dollars ($110,000.00), which constitutes Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) which represents the Settlement amount plus Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) of liquidated damages (as provided for in the New York State

wage law and Fair Labor Standards Act) which were waived in settlement. Payments which were previously made under the settlement agreement are to be credited upon execution.

6. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) plus Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) of liquidated damages (as provided for in the New York State wage law and Fair Labor Standards Act) which were waived in the settlement. Payments which were previously made under the settlement agreement are to be credited upon execution.

7. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York or a court of competent jurisdiction as a judgment for One Hundred and Ten Thousand Dollars and Zero Cents ($110,000.00), in full, with credit for any payment received under the Settlement Agreement, to be applied upon execution, against JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS).

JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS)

By: _____
(signature)

JOSEPH FORTI
Name (print clearly)

_____
Title (print clearly)

STATE OF NEW YORK   )
                    ) : ss.:
COUNTY OF Westchester )

On October 7, 2020, before me personally came Joe Forli, to me known, who, by me duly sworn, did depose and say that deponent resides at 11 Park Pl. #310, New Rochelle NY that deponent is the President (title) of JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS) and was authorized to do so.

_____
Notary Public

JEFFREY BRIEM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BR6379342
Qualified in Westchester County
My Commission Expires 08 18 2022

8

SUPREME COURT OF THE STATE OF NEW YORK
---------------------------------------x
JESUS NARCISO CABRERA, *individually
and on behalf of others similarly situated*,

              Plaintiff,

            -against-

JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI,

            Defendants.
---------------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
COUNTY OF Westchester  ) : ss.:

Joseph Forti _____ (print legal name), being duly sworn, deposes and says:

1. I am a defendant in this action.

2. I reside at 11 PARK PL #310 (street address and apartment) in the County of WESTCHESTER (print clearly), New York.

3. I, Joseph Forti (print legal name clearly), am the President (title) of NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES). I am duly authorized to make this affidavit of confession of judgment on behalf of NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES).

4. NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES) maintains its principal place of business at 625 S Columbus Ave, Mt Vernon (street address) in the County of Westchester in the State of New York.

5. Pursuant to the terms of the Settlement Agreement and Release by and between JESUS NARCISO CABRERA ("Plaintiff") and JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES) in favor of Plaintiff for the sum of One Hundred and Ten Thousand Dollars ($110,000.00), which constitutes Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) which represents the Settlement amount plus Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) of liquidated damages (as provided for in the New York State wage law and

10

Fair Labor Standards Act) which were waived in settlement. Payments which were previously made under the settlement agreement are to be credited upon execution.

6. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) plus Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) of liquidated damages (as provided for in the New York State wage law and Fair Labor Standards Act) which were waived in the settlement. Payments which were previously made under the settlement agreement are to be credited upon execution.

7. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York or a court of competent jurisdiction as a judgment for One Hundred and Ten Thousand Dollars and Zero Cents ($110,000.00), in full, with credit for any payment received under the Settlement Agreement, to be applied upon execution, against NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES).

NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES)

By: _____
(signature)

JOSEPH FORTI
Name (print clearly)

PRES
Title (print clearly)

STATE OF NEW YORK   )
                    ) : ss.:
COUNTY OF Westchester )

On October 7, 2020, before me personally came Joseph Forti, to me known, who, by me duly sworn, did depose and say that deponent resides at 11 P.4 Pl #310 New Rochelle, that deponent is the _____ (title) of NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES) and was authorized to do so.

_____
Notary Public
Jeffrey Brien
Notary Public - State of New York
No. 02BR6379342
Qualified in Westchester County
My Commission Expires 7/18/2022

11

SUPREME COURT OF THE STATE OF NEW YORK

---------------------------------------x

JESUS NARCISO CABRERA, *individually and on behalf of others similarly situated*,

    Plaintiff,

  -against-

JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS ), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI,

*Defendants.*

---------------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
          ) : ss.:
COUNTY OF Westchestr )

Joseph Forti _____ (print legal name clearly) (JOSEPH FORTI ) being duly sworn, deposes and says:

  1.  I reside at 11 PARK PL # 310 _____ (street address and apartment) in the County of WESTCHESTER (print clearly), New York.

  2.  Pursuant to the terms of the Settlement Agreement and Release by and between JESUS NARCISO CABRERA ("Plaintiff") and JOE'S AUTO WRECKERS INC. (D/B/A JOE'S AUTO WRECKERS ), NCR AUTO CORES & SECURITY INC. (D/B/A NCR AUTO CORES), and JOSEPH FORTI (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of One Hundred and Ten Thousand Dollars and Zero Cents ($110,000.00), which constitutes Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) which represents the Settlement amount plus Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) of liquidated damages which were waived in settlement. Payments which were previously made under the settlement agreement are to be credited upon execution.

  3.  This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) to Plaintiff. The amount of this affidavit of confession of judgment represents the Settlement Agreement amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) plus liquidated damages under the federal Fair Labor Standards Act and New York Labor Law and New York state implementing regulations and wage orders and which were waived as part of the Settlement

Agreement, in the amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00), for a total of One Hundred and Ten Thousand Dollars and Zero Cents ($110,000.00).

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York or a court of competent jurisdiction as a judgment for One Hundred and Ten Thousand Dollars and Zero Cents ($110,000.00), in full, with credit for any payment received under this under the Settlement Agreement, to be applied upon execution, against me, ___Joseph Forti,_____ (print legal name clearly) JOSEPH FORTI.

JOSEPH FORTI

_____
(signature)

JOSEPH FORTI
(print name clearly)

Sworn to before me this
7th day of October 2020

_____
Notary Public

**JEFFREY BRIEM**
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BR6379342
Qualified in Westchester County
My Commission Expires 08-13-2022

14